**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| **In re:**<br><br>**Axim, Inc.,**<br><br>**Debtor.** | **Case Number: 24-30318**<br><br>**Chapter 7** |

### TRUSTEE'S MOTION FOR AUTHORITY TO SELL CLAIM

A. Cotten Wright, the duly appointed chapter 7 trustee (the "Trustee") in this case, hereby brings this *Trustee's Motion for Authority to Sell Claim* (this "Motion") and in support, respectfully shows the Court as follows:

### BACKGROUND

1. On April 10, 2024, the debtor (the "Debtor") filed a voluntary petition for relief pursuant to chapter 7 of the United States Bankruptcy Code.

2. The Court thereafter appointed the Trustee.

3. The Debtor's bankruptcy papers listed Accounts Receivables owed to the Debtor by ConvergeOne in the amount of $29,814 (the "A/R").

4. The Trustee's investigation revealed that ConvergeOne, Inc. and its affiliates have filed a bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90194 (the "ConvergeOne Bankruptcy Case").

5. The Trustee filed a proof of claim for the A/R in the ConvergeOne Bankruptcy Case (the "Claim") in the amount of $29,814.

6. The Claim is property of the estate pursuant to 11 U.S.C. § 541.

1

7. The Trustee has entered into a Claim Assignment with CRG Financial LLC (the "Claim Assignment") to sell the Claim, subject to court approval, for the sum of $14,907, a true copy of which is attached hereto as Exhibit A.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. Through this Motion, the Trustee requests authority to sell the Claim pursuant to the Claim Assignment and 11 U.S.C. § 363(b)(1).

9. Section 363(b)(1) of the Bankruptcy Code permits trustees to sell property of the bankruptcy estate outside the normal course of business upon a motion and notice of hearing.

## ARGUMENT

10. In her capacity as the Debtor's trustee, the Trustee is charged with liquidating the assets of the Debtor's bankruptcy estate for the benefit of creditors.

11. Because collection of the Claim through the ConvergeOne Bankruptcy Case is speculative, the Trustee's proposed sale of the Claim reflects an efficient means of liquidating that asset for the benefit of the bankruptcy estate.

12. Given the circumstances of this case, the Trustee maintains that selling the Claim would be in the best interests of creditors in this case.

13. Notice of this Motion is being provided to those parties listed on the mailing matrix for this case.

WHEREFORE, the Trustee prays that the Court will enter an Order granting this Motion; authorizing the Trustee to sell the Claim pursuant to the Claim Assignment; and providing such further relief as is just and proper.

This is the 13th day of June, 2024.

*/s/ Anna S. Gorman*
Anna S. Gorman (State Bar No. 20987)
A. Cotten Wright (State Bar No. 28162)
Grier Wright Martinez, PA
Attorneys for the Trustee
521 E Morehead Street, Suite 440
Charlotte, NC 28202
Telephone: 704.375.3720; Fax: 704.332.0215
cwright@grierlaw.com

# **Exhibit A**

EXHIBIT A                                          CLAIM ASSIGNMENT

Assignment of Claim. A. Cotten Wright As Bankruptcy Trustee of Axim Inc (hereinafter "Seller"), with a principal address of c/o A. Cotten Wright As Bankruptcy Trustee of Axim Inc , Grier Wright Martinez, PA 521 E. Morehead St. Ste. 440 , Charlotte , NC 28202, for good and valuable consideration in the sum of $14,907.00 (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to CRG Financial LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right and interest in and to any and all of Seller's claims (the "Claim"), against Convergeone Holdings, Inc. or any of its codebtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the US Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), Case No. 24-90194 (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim, including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Assignment (this "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $29,814.00 (the "Claim Amount").

Proof of Claim. Seller represents and warrants that a copy of all Proofs of Claim filed has been provided to Purchaser. The term "Proof of Claim" includes: (a) all Proofs of Claim filed by or on behalf of Seller, and (b) any of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount, Purchaser shall nevertheless be deemed the owner of the Proof of Claim and shall be entitled to identify itself as owner of such Proof of Claim on the Court records.

Representations; Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and, upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any third party, has received any payment or distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and noncontingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed or threatened; (e) Seller has not engaged in, and will not engage in, any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Seller is not aware of any defense, claim or right of setoff, which would reduce, impair, disallow, subordinate or avoid the Claim, including preference actions; (g) Seller has not entered into an agreement with the Debtor or any other party to compromise the Claim; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Effective Date. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser, and (b) the Agreement is executed by an authorized representative of Purchaser and (c) upon the entry of an order approving the sale by the Axim Inc. Bankruptcy Court.

Consent and Waiver. Seller hereby acknowledges and consents to the terms set forth in this Agreement and hereby waives its right to raise any objections and/or to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim Impaired. **Purchaser assumes the risk that the amount of the Recovery may be less than the Purchase Price.** Notwithstanding the foregoing, to the extent the Claim is impaired for any reason, including, without limitation, disallowance, reduction, subordination, objection, offset, demand for repayment as a preference, or due to a breach of this Agreement, (herein referred to as an "Impairment"), Seller agrees to immediately refund Purchaser an amount equal to the portion of the Claim Amount subject to the Impairment multiplied by the Purchase Rate ("Purchase Rate" is calculated by dividing the Purchase Price by the Claim Amount

Notices; Further Cooperation. Seller agrees to promptly forward to Purchaser all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request. Seller shall take such further action as may be necessary to effect the transfer of the Claim and to direct any Recovery to Purchaser, including the execution of voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller (i) receives any Recovery made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery as Purchaser's agent and hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any deduction of any kind, and/or (b) settle or cure the reason for the Delayed Recovery Event  (each (a) and (b) a "Settlement") within fourteen (14) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of two (2%) percent per month, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until Purchaser receives such Recovery.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts that are, or may hereafter become, due and payable on account of the Claim.  Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder.  Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option.  Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from all losses, damages and liabilities, including reasonable attorney's fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, and/or litigation arising out of or in connection with this Agreement.

<u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of New York State without giving effect to choice of law principles. Any action arising under or relating to this Agreement shall be brought in any State or Federal court located in the New York State, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth above, and in any action hereunder the Seller and Purchaser each waive the right to demand a jury trial.

<u>Miscellaneous.</u> Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party acknowledges and agrees that it is not relying on any representations, or statements, except to the extent that the same are expressly set forth herein, and that each party has full authority to enter into this Agreement and that the individuals executing this Agreement have authority to bind the party for which they sign. The parties hereby mutually agree and stipulate that the terms of this Agreement are jointly negotiated terms. Accordingly, any rules of interpretation or resolving ambiguity against the drafter shall not apply. This Agreement (i) may not be modified except by an agreement in writing signed both parties; (ii) constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and (iii) supersedes all prior agreements and understandings pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without Purchaser's prior written consent. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets, in which case such purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution of this Agreement and any transfer. This Agreement may be signed in counterparts and by commonly acceptable forms of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand this 13 day of June, 2024. ATTEST:

By: _A. Cotten Wright_   _704-332-0207_
    Signature       Telephone #

_A. Cotten Wright, Trustee_
Print Name/Title
  A. Cotten Wright As Bankruptcy Trustee of Axim Inc

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand this ___ day of _____, 2024. ATTEST:

By: _____
    CRG Financial LLC

## NOTICE OF TRANSFER AND WAIVER

C Wright As Bky T/ee Of Axim Inc ("Seller"), sells, transfers and assigns unto CRG Financial LLC, with an address at 84 Herbert Ave. Building B - Suite 202, Closter, NJ 07624, its successors and assigns ("Purchaser"), pursuant to the terms of a Claim Assignment between Seller and Purchaser (the "Agreement"), all of Seller's right, title and interest in, to and under Seller's Claim (as defined in the Agreement), including any amounts owed as a cure with respect to a contract assumption, against Convergeone Holdings, Inc. or any of its codebtor subsidiaries or affiliates (the "Debtor"), representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, for the Southern District of Texas, Houston Division, jointly administered as Case No. 2490194.

Seller hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

IN WITNESS WHEREOF, Seller has signed below as of the 13th day of June, 2024.

By: _A. Cotten Wright_
    Signature

_A. Cotten Wright, Trustee_
Print Name/Title
C Wright As Bky T/ee Of Axim Inc

IN WITNESS WHEREOF, Purchaser has signed below as of the ___ day of _____, 2024.

By: _____ CRG Financial LLC

UNITED STATES BANKRUPTCY COURT
Southern District of Texas, Houston Division

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Convergeone Holdings, Inc., | ) Case No. 24-90194 |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF ADDRESS CHANGE

PLEASE TAKE NOTICE that C Wright As Bky T/ee Of Axim Inc , a creditor in the above-referenced cases of the above-captioned debtors (the "Debtors"), directs the Debtors and their representatives (including the claims and distribution agent appointed in these cases) to change its address for the purpose of administering its claims (as scheduled by the Debtors) , and hereby requests that the services of any pleadings, notices, correspondence, ballots and distributions relating to such claims be sent to the New Address set forth below, effective as of the date hereof.

Former Address
C Wright As Bky T/ee Of Axim Inc
c/o C. Wright, Bky T/ee Axim, Inc., Grier Wright Martinez, PA
521 E. Morehead St. Ste. 440
Charlotte, NC 28202

New Address
C Wright As Bky T/ee Of Axim Inc
c/o CRG Financial LLC
84 Herbert Ave. Building B-Suite 202
Closter, NJ 07624

Respectfully submitted,

Anna Gorman
C Wright As Bky T/ee Of Axim Inc
c /o C. Wright, Bky T/ee Axim, Inc. Grier Wright Martinez, PA
521 E. Morehead St Ste 440
Charlotte, NC 28202

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| In re:<br><br>Axim, Inc.,<br><br>Debtor. | Case Number: 24-30318<br><br>Chapter 7 |
|---|---|

## NOTICE OF OPPORTUNITY FOR HEARING

TAKE NOTICE that the Trustee in this case has filed papers with the court requesting entry of an Order allowing her to sell a claim for accounts receivables of the debtor captioned as the *Trustee's Motion for Authority to Sell Claim* (the "Motion"). The Trustee proposes to sell/assign a $29,814 proof of claim filed in the ConvergeOne Bankruptcy Case for the sum of $14,907.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the Motion or if you want the Court to consider your views on the Motion, then on or before **twenty-one (21) days of the filing of this notice, you or your attorney must do three (3) things:**

**1.** **File a written response with the court requesting that the court hold a hearing and explaining your position. File the response at:**

U.S. Bankruptcy Court
401 W. Trade St.
Suite 2500
Charlotte, NC 28202

If you mail your request to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

**2.** **On or before the date stated above for written responses, you must also mail, email or fax a copy of your written request to:**

A. Cotten Wright, Trustee
Grier Wright Martinez
521 E. Morehead St., Ste. 440 Charlotte, NC 28202
Fax: (704) 332-0215
Email: cwright@grierlaw.com

1

3. **Attend the hearing scheduled for July 8, 2024 at 9:30 a.m.** in Bankruptcy Courtroom 2B, U.S. Courthouse, 401 West Trade Street, Charlotte, NC.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 13th day of June, 2024.

/s/ *Anna S. Gorman*
Anna S. Gorman (NC State Bar #20987)
A. Cotten Wright (NC State Bar #28162)
Grier Wright Martinez, PA
521 E. Morehead St., Ste 440
Charlotte, NC 28202
(704)332-0207 - Telephone
(704)332-0215 - Fax
agorman@grierlaw.com - E-mail Address

*Attorneys for the Trustee*

2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| In re:<br><br>Axim, Inc.,<br><br>Debtor. | Case Number: 24-30318<br><br>Chapter 7 |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the *Trustee's Motion for Authority to Sell Claim* was served on the parties who have requested notice in this case through the Court's electronic filing system as well as on the party listed below via e-mail, and that the *Notice of Opportunity for Hearing* was served on those parties whose names and addresses appear on the attached mailing list by U.S. mail, postage pre-paid.

Randy Fish
CRG Financial LLC
84 Herbert Ave
Bldg B, Suite 202
Closter, NJ 07624
Email: rfish@crgfinancial.com

This is the 13th day of June, 2024.

/s/ *Anna S. Gorman*
Anna S. Gorman (NC State Bar #20987)
Grier Wright Martinez, PA
521 E. Morehead St., Ste 440
Charlotte, NC 28202
(704)332-0207 - Telephone
(704)332-0215 - Fax
agorman@grierlaw.com - E-mail Address

*Attorneys for the Trustee*

3

```
Label Matrix for local noticing        ARI                                      AT&T Services, Inc
0419-3                                  John Calogero                           Beth Edwards
Case 24-30318                           4001 Leadenhall Road                    PO Box 66524
Western District of North Carolina      Mount Laurel, NJ 08054-4611             Saint Louis, MO 63166-6524
Charlotte
Thu Jun 13 12:48:03 EDT 2024

AWS                                     Aim SSC CR SRL                          Alliance Technology Group LLC
410 Terry Avenue North                  Montes de Oca                           Randall McCrea
Seattle, WA 98109-5210                  San Pedro                               7010 HI Tech Dr
                                        San Jose, SJ 11501                      Hanover, MD 21076-1008


Allianz                                 Amazon                                  American Red Cross
100 International Drive 22nd Floor      410 Terry Avenue North                  Tish Whitaker
Baltimore, MD 21202-4783                Seattle, WA 98109-5210                  Shared Services Centre
                                                                                PO Box 410500
                                                                                Charlotte, NC 28241-0500


Avant  LLC                              Avaya Federal Solutions, Inc.           Avaya Inc
Michael Litwin                          Mitzie A. Hatchett                      Reema Gupta
222 N. LaSalle St., Suite 1700          12730 Fair Lakes Cir                    4655 Great America Parkway
Chicago, IL 60601-1101                  Fairfax, VA 22033-4901                  Santa Clara, CA 95054-1233


Axim, Inc.                              Bank of America                         Benefis Health System
3617 Nancy Creek Road                   BofA Business Card                      Matt Raab
Charlotte, NC 28270-0447                PO Box 15796                            1101 26th St. S,
                                        Wilmington, DE 19886-5796               Great Falls, MT 59405-5161


BrownRudnick LLP (CXA)                  Bullseye Media                          CT Corporation
One Financial Center                    322 1st Avenue Suite 500                P.O. Box 4349 Carol Stream
Boston, MA 02111-2621                   Minneapolis, MN 55401-1618              IL 60197-4349


CT Corporation System, as representative  Carahsoft Technology Corp             Cazandra LLC
330 N. Brand Blvd., Suite 700           Bryan Jenkins                           407 Lincoln Rd  Ste 6G
Attn: SPRS                              11493 Sunset Hills RoadSuite 100        Miami Beach, FL 33139-3023
Glendale, CA 91203-2336                 Reston, VA 20190


Charles Russell Speechlys               Citibank, N.A.                          ConvergeOne
5 Fleet Place                           Its Branches, Subsidiaries and Affiliate Joe Reed
London UK                               388 Greenwich Street, 10th Floor        10900 Nesbitt Avenue South
EC4M 7RD                                New York, NY 10013-2362                 Bloomington,, MN 55437-3124


ConvergeOne, Inc.                       CoxCom LLC                              Deloitte
10900 Nesbitt Avenue South              Melissa Rockwell                        Mike Syed
Minneapolis, MN 55437-3124              6305B Peachtree Dunwoody Rd             7900 Tysons One Place
                                        Atlanta, GA 30328-4535                  McLean, VA 22102-5974


First Corporate Solutions, Inc.         Globalisation Partners                  Grier Wright Martinez, PA,
As Representative                       Ton Dedman                              521 E Morehead St, Suite 440    ecf
914 S. Street                           175 Federal Street, 17th Floor          Charlotte, NC 28202-2623
Sacramento, CA 95811-7025               Boston, MA 02110-2229
```

| | | |
|---|---|---|
| HM Weis Consulting<br>4221 Crawford Drive<br>Pensacola, FL 32504-7745 | Andrew T. Houston<br>Moon Wright & Houston, PLLC<br>212 N. McDowell Street<br>Suite 200<br>Charlotte, NC 28204-2256 | Humana<br>500 West Main Street<br>Louisville, KY 40202-4268 |
| Humana<br>Julie Castrup<br>PO Box 14750<br>Lexington, KY 40512-4750 | Intelication<br>Calli Wright<br>410 Berry St SE<br>Vienna, VA 22180-4811 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 |
| Jason Pharmaceuticals Inc<br>Guru Mony<br>100 International Drive<br>Baltimore, MD 21202-4780 | LSQ<br>Kevin Wright<br>315 E Robinson St., Suite 200<br>Orlando, FL 32801-4369 | Lien Solutions<br>PO Box 29071<br>Glendale, CA 91209-9071 |
| Marcus H Gates Jr<br>13713 Grove Pond Drive<br>Midlothian, VA 23114-5525 | Millennium Software Inc<br>Jay Patel<br>200 Town Centre, Suite 300<br>Southfield, MI 48075 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 |
| QBurst Technologies Inc<br>Saju Davasia<br>4414 Roundtree Lane<br>Missouri City, TX 77459-3185 | RICHARD N DAWSON CPA PA<br>4600 PARK RD<br>STE 104<br>CHARLOTTE, NC 28209-0031 | Rebecca E Johnson<br>13608 N 12th Way<br>Phoenix, AZ 85022-4959 |
| Richard M Dawson<br>4600 Park Rd, Ste 104<br>Charlotte, NC 28209-0031  *dup.* | Rob Hendricks Consulting LLC<br>2209 E 2650 N<br>Logan, UT 84341-6742 | Rob Hendricks Consulting, LLC<br>2209 E 2650 N<br>North Logan, UT 84341-6742  *dup.* |
| SAP Concur<br>Concur Technologies Inc.<br>601 108th Avenue<br>Bellevue, WA 98004-4383 | Sandler Partners<br>Courtney Morrow<br>423 S Pacific Coast Hwy, Suite 205<br>Redondo Beach, CA 90277-3734 | Scott Sweet<br>3617 Nancy Creek Rd<br>Charlotte, NC 28270-0447 |
| Sellers, Ayres, Dortoch, Lyons<br>301 S McDowell Street, Suite 410<br>Charlotte, NC 28204-2681 | Small Business Administration<br>409 3rd St., SW<br>Washington, DC 20416-0002 | Small Business Administration<br>PO Box 3918<br>Portland, OR 97208-3918 |
| Spry Squared<br>Stephen Spry<br>6 Inverness Court East, Suite 240<br>Englewood, CO 80112-5513 | Stafford County Public Schools<br>31 Stafford Ave<br>Stafford, VA 22554-7246 | Synnex<br>Adam Wilson<br>44201 Nobel Dr<br>Fremont, CA 94538-3178 |
| T-Metrics Inc.<br>Arthur Pravato<br>4430 Stuart Andrews Boulevard<br>Charlotte, NC 28217-1543 | TTEC Technology, LLC<br>Brian Carmichael<br>6500 Riverplace Boulevard<br>Building 2 Suite 301<br>Austin, TX 78730-1155 | Terence Healy<br>1710 Creek Street<br>Kill Devil Hills, NC 27948-9481 |

| | | |
|---|---|---|
| The Southern Bank Company<br>221 South 6th Street<br>Gadsden, AL 35901-4102 | TriNet HR III Inc<br>One Park Place Ste 600<br>Dublin, CA 94568-7983 | Trinet<br>1 Park Place, Suite 600<br>Dublin, CA 94568-7983 |
| U.S. Bankruptcy Administrator Office<br>402 W. Trade Street<br>Suite 200<br>Charlotte, NC 28202-1673  ecf | U.S. Small Business Administration<br>14925 Kingsport Road<br>721 19th Street<br>Ft. Worth, TX 76155 | (p)US ATTORNEY'S OFFICE WDNC<br>227 W TRADE STREET<br>SUITE 1650<br>CHARLOTTE NC 28202-1698 |
| Verizon Sourcing<br>Theresa Lam<br>One Verizon Way<br>Basking Ridge, NJ 07920-1025 | Viable Resources Inc.<br>6547 Midnight Pass Road, No. 67<br>Sarasota, FL 34242-2506 | WK Lien Solutions<br>PO Box 29071<br>Glendale, CA 91209-9071 |
| Waterfield<br>Phil Murphy<br>130 Produce Avenue, Suite C<br>South San Francisco, CA 94080-6523 | Anna Cotten Wright<br>Grier Wright Martinez, PA<br>521 E Morehead Street<br>Suite 440<br>Charlotte, NC 28202-2623  ecf | Zoom<br>55 Almaden Blvd.<br>San Jose, CA 95113-1612 |
| Zoom Video Communications, Inc.<br>55 Almaden Blvd #600<br>San Jose, CA 95113-1612 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

United States Attorney
227 West Trade Street
Carillon Bldg, Suite 1700
Charlotte, NC 28202-1648


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Alliantist Ltd<br>Sussex Innovation Centre Science Park Sq<br>Falmer<br>Brighton, East Sussex BN1 9SB | (u)Axim Inc (UK) Ltd<br>20-22 Wenlock Road<br>London N1 7GU | (u)Chris Byrom<br>Little Acres, Ford Lane<br>Trottiscliffe<br>West Mailling, Kent ME19 5DP |
| (u)Chris Kay<br>19 St Albans Road<br>Halifax, West Yorkshire HX3 0ND | (u)Green Drake Limited<br>125 Winchester Road<br>Chandlers Ford<br>Eastleigh, Hampshire SO53 2DR | (u)Middleswarth Bowers & Company |

(u)Millersoft Ltd
Stuart House, Eskmills, Station Rd
Musselburgh EH21 7PB

(u)Peter Thompson
33 Barns Dene
Harpenden, Herts AL5 2HH

(d)Anna Cotten Wright
Grier Wright Martinez, PA
521 E Morehead Street
Suite 440
Charlotte, NC 28202-2623

End of Label Matrix
Mailable recipients    72
Bypassed recipients     9
Total                  81